The People of Puerto Rico, Plaintiff and Appellee, *v.* Daniel Rosario Maysonet or Daniel Rosado, known as El Mula, Defendant and Appellant.

No. 12607. Argued March 12, 1948.—Decided April 8, 1948.

*Edgar S. Belaval* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

Daniel Rosario Maisonet was charged with a second offense of grand larceny, convicted of the crime charged by the court without a jury, and sentenced to 12 years' imprisonment in the penitentiary at hard labor. In this appeal,

he first urges that the lower court erred in admitting in evidence two photographs marked "Exhibits 1 and 2" of The People. The marked photographs, to whose admission the defendant objected, were two enlargements of certain photographs, taken by Mr. Casenave, a photographer, who testified, in short, that they were made from the negatives of some photographs, which he took on the occasion of the bringing into Puerto Rico of the corpses recovered from the airplane disaster at Nipe; that they represented enlargements of the negatives taken by him; that said enlargements were made by Tomás Alejandro; that they were exact copies of the negatives; that they reproduced the original views, and that they had not been altered because they were identical with the ones made by him. The testimony of the witness Casenave clearly shows that the photographs introduced in evidence were copies of the negatives which he had made; that they were exact copies; and, further, that they reproduced what he saw and photographed there on the day said corpses arrived from Nipe. This being so, the photographs were admissible in evidence, pursuant to the holding of this Court in *People* v. *Márquez,* 67 P.R.R. 303. Moreover, they were introduced by the district attorney in order to establish the presence of the defendant at the place of the occurrence. There was other evidence which proved that the defendant was there. Hence, even if the photographs were improperly admitted in evidence, their admission was not prejudicial to the defendant.

The defendant in his second assignment contends that the court erred in "admitting as evidence, over the objection of the defendant-appellant and in order to prove the subsequent character of the offense, the supposed criminal record of the defendant, marked 'Exhibit 4' of The People, without the same having been duly identified."

Conceding, without holding, that said penal record was erroneously admitted in evidence, its admission did not sub-

stantially prejudice the rights of the defendant, since, in addition to the penal record, the district attorney offered as evidence which was admitted by the court without objection from the defense, a certified copy of the judgment rendered by the District Court of San Juan, on August 4, 1933, in the case of The People of Puerto Rico v. Daniel Rosado, alias "Mula", defendant, criminal case No. 1997, for grand larceny. It was stated in said certificate that the defendant had been sentenced to two years' imprisonment in the penitentiary after having pleaded guilty of the crime of grand larceny, and that no appeal had been taken from the judgment. Therefore, the subsequent character of the offense, as charged by the district attorney, was satisfactorily proved.

The third and fourth assignments relate to the weighing of the evidence by the lower court. The defendant-appellant argues that the only evidence which the lower court had before it to convict him consisted of the testimony of his accomplice, Emilio Lorenzo Avilés, alias "Mano Santa"; that said testimony was not corroborated; and that he could not be convicted as co-author or principal because the person who stole the wallet was Emilio Lorenzo Avilés, and that what the defendant did, at the most, was to help conceal the crime, which constitutes a public offense, to wit, that of an accessory after the fact, distinct from the one charged against him.

The only evidence adduced in this case was that presented by the prosecution. The defendant did not introduce any evidence at all. Mr. Casenave, who took the above-mentioned photographs testified first. The defendant and Emilio Lorenzo Avilés appear in the photographs very near Mr. Malaret, the victim of the larceny. Emilio Lorenzo Avilés testified, in brief, that the defendant had agreed to accompany him to the Isla Grande Base in order to steal wallets on the day of the arrival of the corpses from the Nipe disaster;

that pursuant to their plans, they went to the base; that the defendant pointed out to him the party injured, Pedro Malaret, and told the witness to steal the wallet from him; that Mr. Malaret stood with his back turned to them; that the defendant pushed him and the witness then stole the wallet from him; that the defendant immediately snatched the wallet from his hands and then they went on a bus to Stop 25 in Santurce, where they got off, opened the wallet, and found several documents, but there was no money; that they threw away the documents, and that he does not know what happened to the wallet. Captain Vélez and Attorney Leo Irizarry Rodríguez also testified, to the effect that the defendant had confessed, in their presence, that he had participated in the larceny; that said confession had been transcribed on a typewriter and voluntarily signed by the defendant. This document was offered and admitted in evidence without objection, and it is stated therein: That on August 12, 1944, at about 5:30 in the afternoon, the defendant, together with Emilio Lorenzo Avilés, was among the persons who witnessed the arrival of the bodies of the victims of the airplane accident which occurred in Cuba; that on that occasion the above-mentioned Lorenzo Avilés handed him a wallet stating that he had stolen it from one of the persons who were present there; that he does not know the person from whom the wallet was stolen, but that while he was still there, he became aware of the identity of said person when he noticed that the latter touched his trouser back-pocket and said: "My wallet is missing"; that afterwards Lorenzo Avilés turned over the wallet to him and they went away from there; that while they were walking, he searched the wallet and found that it contained no money but some documents; that they returned to the airport and stayed a short time there and afterwards left and took a bus and went as far as Stop 26, Ponce de León Avenue; that there he destroyed all the documents; that on that day he was wearing coffee-colored trou-

sers and a three-button light brown coat, with side pockets carrying no flaps, a white shirt with open collar, turned over the collar of the coat, and a white Panama hat; that when Captain Vélez showed him a photograph in which he appears among a group of persons who were in the airport witnessing the event, he identified himself as the person who appears in said photograph, dressed in the manner stated above, and in which photograph he appears holding his hat in his hand in front of him and looking at it; that he also identified Lorenzo Avilés, who held a handkerchief in his hands and apparently was raising it to his nose.

The injured party, Mr. Malaret, also testified to the effect that on the day already mentioned and while he witnessed the event, his wallet was stolen, and that he immediately notified the police.

In our judgment, the evidence herein, which was accorded credit by the court, was sufficient to convict the defendant. It is true that § 253 of the Code of Criminal Procedure, 1935 ed. provides that ''a conviction can not be had on the testimony of an accomplice unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.'' However, we think that the evidence introduced in this case, apart from the testimony of the accomplice, tended to connect the defendant with the commission of the offense. The testimony of the accomplice Avilés was corroborated almost in its entirety by the photographs which the photographer Casenave took and, furthermore, by the confession made by the defendant himself. We have already decided that it is not necessary that the corroborative evidence be direct or very strong, if it is sufficient to connect the defendant with the commission of the crime.

*The People* v. *Robles,* 13 P.R.R. 299; *People* v. *López,* 42 P.R.R. 487; *People* v. *Mejías,* 47 P.R.R. 266; *People* v. *Ramírez,* 54 P.R.R. 131. See *People* v. *Harper,* 156 P. 2d 249 and *State* v. *Brake,* 195 P. 583, 585.

Since none of the errors assigned were committed, the judgment appealed from should be affirmed.